296 F.2d 594
 OHIO FUEL GAS COMPANY and The Manufacturers Light and Heat Company, Petitioners,
v.
FEDERAL POWER COMMISSION, Respondent.
Texas Eastern Transmission Corp., Consolidated Edison Company of New York, Inc., The Brooklyn Union Gas Company and Long Island Lighting Company, Boston Gas Company, et al., Algonquin Gas Transmission Company, Public Service Electric & Gas Company, Philadelphia Electric Company, The United Gas Improvement Company, Intervenors.
 No. 16112.
 United States Court of Appeals District of Columbia Circuit.
 Argued September 29, 1961.
 Decided November 9, 1961.
 
 Mr. William C. Hart, New York City, with whom Mr. Richard A. Rosan, New York City, was on the brief, for petitioners.
 Mr. Milton J. Grossman, Atty., Federal Power Commission, with whom Messrs. John C. Mason, Gen. Counsel, Federal Power Commission, Howard E. Wahrenbrock, Solicitor, Federal Power Commission, Robert L. Russell, Asst. Gen. Counsel, Federal Power Commission, and Peter H. Schiff, Atty., Federal Power Commission, were on the brief, for respondent.
 Mr. William D. Deakins, Jr., Houston, Tex., of the bar of the Supreme Court of Texas, pro hac vice, by special leave of court, with whom Messrs. Martin L. Friedman and Keith M. Pyburn, Washington, D. C., were on the brief for intervenor Texas Eastern Transmission Corp.
 Mr. Halcyon Skinner, New York City, of the bar of the Court of Appeals of New York, pro hac vice, for intervenor Consolidated Edison Co. of New York, Inc., and certain other intervenors. Messrs. Randall J. LeBoeuf, Jr., New York City, Robert B. Lisle, Brooklyn, David K. Kadane, Mineola, John W. Glendening, Jr., New York City, Charles E. McGee, William R. Duff, Eugene J. Bradley, and J. David Mann, Washington, D. C., were on the brief for intervenor Consolidated Edison Co., of New York, Inc., and certain other intervenors. Mr. James R. Lacey, Newark, N. J., also entered an appearance for intervenor Public Service Electric & Gas Co. Messrs. W. W. Ross and J. E. Holtzinger, Washington, D. C., also entered appearances for intervenor United Gas Improvement Co.
 Before EDGERTON, WASHINGTON and BURGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 A Federal Power Commission order of September 1, 1960 authorizes Texas Eastern Transmission Company to construct new facilities and to provide during the winter months a new type of natural gas service known as Winter Service. Petitioners, customers of Texas Eastern, sell natural gas directly or indirectly to consumers in Ohio, West Virginia, Pennsylvania, Maryland and New York. They bring the order here for review under § 19(b) of the Natural Gas Act, 52 Stat. 831-832 (1938), as amended, 15 U.S.C.A. § 717r(b).
 
 
 2
 Petitioners do not want the new service and contend that the Commission has fixed too low a rate for it. They say the rate should not be based on segregated costs, that certain costs have been understated, that the record is not precise or complete enough to support the conclusion that the rate is just and reasonable, and that the Commission should have reopened the proceedings to hold concurrent hearings on this matter and another application.
 
 
 3
 The Commission's brief points out that it may revise the rate if "actual operating experience with Winter Service reveals some significant change * * *." Commission counsel said in oral argument:[1] "the Commission has not foreclosed the petitioners from coming to the Commission several years after this winter service has been in operation and suggesting that the costs which Texas Eastern suggested it would incur in performing the winter service had been understated and it costs more than was expected and therefore it is now appropriate that the Commission determine on the basis of actual operating experience what the winter service [rate] should be."
 
 
 4
 Mr. Justice Reed, speaking for this court, recently said: "The role of reviewing courts in passing on the rate-making methods used by administrative agencies is necessarily narrow. These matters are properly for the Commission, and its determination is to be disturbed for only the most basic forms of abuse." Battle Creek Gas Co. v. Federal Power Commission, 108 U.S. App.D.C. 209, 213, 281 F.2d 42, 46. We find no abuse.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 A transcript of the oral argument was made available to us by the parties